CASE 15—PROBATE OF WILL—JUNE 18.

# McMeekin, &c., vs. McMeekin.

APPEAL FROM NELSON CIRCUIT COURT.

The attesting witnesses to a will having, by their attestation, authenticated the document as a good will, and vouched the testator's capacity, should be entitled to but little credence when they depose to the contrary. Such persons deserve popular rebuke and legislative denunciation. Had such attesting witnesses died, proof of their signatures would have implied an affirmation of a disposing capacity, and their signatures would have perpetrated a fraud.

J. W. MUIR,                                    For Appellants.

WILLIAM JOHNSON,                               For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

A paper propounded for probate as the last will of Wm. McMeekin, was rejected by the county court on the

evidence of the two subscribing witnesses and another person, all of whom testified that he had not a disposing mind. There being no other witness, the judgment cannot be reversed.

The will is apparently just, rational, and provident; and, had there been satisfactory proof that it was all dictated by the testator, as written by one of the attesting witnesses, Miles, the intrinsic evidence thereby afforded of a self-poised and testamentary mind would have outweighed the mere opinions of the witnesses, and we should not have hesitated to establish its validity; and the more especially, as the principal witnesses, by their attestation, authenticated the document as a good will, and vouched the testator's capacity; and, therefore, they should be entitled to but little credence when they depose to the contrary. Such persons deserve popular rebuke and legislative denunciation.

Had the attesting witnesses in this case died, proof of their signatures would have implied an affirmation of a disposing capacity; and if they knew that there was no such capacity, their signatures would have perpetrated a fraud.

But the draftsman did not prove that he wrote just as the testator dictated.

Wherefore, we are *constrained* to affirm the judgment of the county court.