CASE 39—CONTESTED WILL—OCTOBER 31.

# Hoerth, &c., v. Zable, Ex'r, &c.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. THE TESTIMONY OF AN ATTESTING WITNESS TO A WILL THAT THE TESTATOR WAS NOT COMPETENT TO MAKE THE WILL should be received with great caution, but it is error to so instruct the jury, as they should be allowed to weigh the testimony without any intimation from the court as to its value. But an error in thus instructing the jury is not ground for setting aside a verdict in favor of the will, if the testimony in favor of the testator's capacity to make a will was so conclusive that the court would not have hesitated to set aside a verdict against the will.

2. UNNATURAL WILL.—Where a testator is of sound mind and not subjected to undue influence, he has a right to dispose of his property as he pleases, and the fact that he disposes of it contrary to the dictates of natural or moral obligation is not ground for setting aside the will.

3. UNDUE INFLUENCE.—The evidence in this case fails to show that a testator in devising his entire estate to one of his five children, to the exclusion of the other four, was unduly influenced by the executor.

A. J. SPECKERT FOR APPELLANTS.

1. It was error to instruct the jury that the testimony of an attesting witness that the testator was not competent to make a will, should be received with great caution. (Stokes v. Shippen, 13 Bush, 180; Bohlsen v. Bohlsen, 5 Ky. Law Rep., 613; Ogden v. Ogden, 6 Ky. Law Rep., 310; Becker v. Crow, 7 Bush, 204; Bowman v. Bartlett, 3 Mar., 98; Sullivan v. Enders, 3 Dana, 66; Blair v. Pollock, Litt. Select Cases, 208; Reed v. Greathouse, 7 Mon., 560; Letton v. Young, 2 Met., 565; Smith v. Commonwealth, 9 Ky. Law Rep., 1006; Cook v. Commonwealth, 4 Ky. Law Rep., 31; Barnett v. Commonwealth, 8 Ky. Law Rep., 448; Wright v. Commonwealth, 8 Ky. Law Rep., 718; Long v. Hall, 97 N. C., 287.)

2. This court can not say that the error in the instruction was not prejudicial. (James v. Langdon, 7 B. M., 196; Fields v. Deatly, 10 B. M., 5; Gillispie v. Gillispie, 2 Bibb, 93; Yocum v. Pully, 1 B. M., 360.)

3. When a witness is cross-examined on a matter collateral to the issue he can not as to his answer be subsequently contradicted by the party putting the question. (Taylor on Evidence, vol. 2, 8th ed., secs. 1439, 1441 and 1444; Champ v. Commonwealth, 2 Met., 17; Kennedy v. Commonwealth, 14 Bush, 340; Loving v. Commonwealth,

80 Ky., 507; Crittenden v. Commonwealth, 82 Ky., 165; Meaux v. Meaux, 81 Ky., 475.)

4. The propounders should not have been permitted to introduce other evidence after the contestants closed. (Watson v. Warnock, 5 Ky. Law Rep., 520.)

5. The court should reverse because of the misconduct of counsel for appellees in his concluding argument to the jury. (Martin v. State, 63 Miss., 505; Hall v. Wolff, 61 Iowa, 559; Berry v. State, 10 Ga., 522; McLean v. Scripps, 52 Mich., 238; Brown v. Swineford, 44 Wis., 282; Tucker v. Henniker, 41 N. H., 325; Chase v. City of Chicago, 20 Ill. App., 274; Rudolph v. Landwerlen, 92 Md., 34; Perkins v. Burley, 64 N. H., 524; Augusta, &c., R. R. Co. v. Randall, 11 S. E. Rep., 706.)

AARON KOHN, O'NEAL, JACKSON & PHELPS OF COUNSEL ON SAME SIDE.

W. R. KINNEY, W. P. LINCOLN, MARSHALL & LOCHRE FOR APPELLEES.

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

John Hoerth died testate on the 8th of February, 1889. He made his will the day before his death, which was admitted to probate by the Jefferson County Court, the county of John Hoerth's residence. He devised all his estate, valued at about $5,000, to the appellee, Wm. J. Zable, in trust for his youngest child, the appellee Nick Hoerth, who was about fifteen years old; and he excluded his four other children from any interest in his estate, except the sum of five dollars each, and they contested the probate of the will on the ground of undue influence and incompetency of the testator; and these issues having been decided against them they have appealed to this court.

There is not the slightest evidence or circumstance tending to show that the boy, Nick Hoerth, influenced, unduly or otherwise, his father to make the will; nor do counsel make such contention. Wm. J. Zable, the trus-

tee and executor, is the only person that appellants, by their counsel, charge with having unduly influenced the testator to make the will. This charge, as we think, is entirely groundless. There is no evidence whatever to that effect. It seems that the testator had been making his home with Mr. Greenert, an old friend, ever since his wife obtained a divorce from him; that the room he occupied was a small one adjoining a bar room; that he was taken sick and was confined to that room; that he requested Wm. J. Zable, another old friend, to remove him to his house where he would have a better room; that Mr. Zable did as he was requested; that after the removal of the testator to his house, he, at the request of the testator, sent for the testator's lawyer to draft his will; that he attested the will, so did Mr. Greenert, the appellant's principal witness; that he did many other acts of kindness for the testator, but there is no fact or circumstance proven from which undue influence can be inferred.

The next question is, was the testator competent to make the will?

Upon that subject, Mr. Lieber, the testator's lawyer, who wrote the will, says that the testator was competent to make it; that the testator told him how he wished to dispose of his property and to whom; that after he had drawn up the will and read it to the testator he understood it, and approved of it save in one particular only, to-wit: he had the time that the devisee was to take possession of the property changed from twenty-one years of age to twenty-five years of age, saying that the devisee would be more likely to take care of the property at the age of twenty-five years than at the age of twenty-one years—certainly not an unwise suggestion. Mr. Lieber also

states that the testator devised his property according to a fixed purpose of his, formed when his wife obtained a divorce from him. The testator's physician who attended him the evening that he made his will, and the next morning after he had made it, says that he was entirely rational and competent to make the will. Wm. J. Zable and others, whose opportunities to know were good, say that he was competent. Now we have opposed to this overwhelming testimony, the testimony of Mr. Greenert, who attested the will and swore before the County Court on the occasion of the probate of the will according to the recollection of several persons, though he could not recollect it, that he was competent to make the will; also others swore that he said, after the will was made, that the testator was competent to make it. In addition to this the law says that such evidence by a person who has attested the will should be received with "great caution." (McMeekin v. McMeekin, 2 Bush, 79.) And while the court erred in singling out this evidence and virtually condemning it by an instruction, (see Bohlsen v. Bohlsen, 5 Ky. Law Reporter, 613), it nevertheless should be received with great caution by the court or jury trying the case; and it is supposed that the jury by the exercise of common sense will properly weigh and scrutinize such testimony, without being particularly admonished by the court as to that matter. But this court will not reverse the case unless the error indicated affected the substantial rights of the appellant. We do not think, however, it did, for as intimated, the evidence, notwithstanding that of Greenert, is overwhelmingly in favor of the competency of the testator. It is so conclusive that we would not have hesitated to reverse the case had the jury found

against it.   Certainly in such case we would not reverse a verdict in favor of it, because of an erroneous instruction that did not direct the finding, but would only be calculated to mislead the jury where the issue of fact was close, serious or doubtful. .

According to the proof in the case the testator virtually disinherited his four children because they took sides with their mother and became estranged from the testator in the unfortunate controversy between the mother and testator which culminated in a separation and divorce, and he gave his property to Nick, who did not take sides against him or become estranged.   This, if his mind was sound, and not unduly influenced, he had the legal right to do.   It is a cardinal principle in the law of wills that the testator, if of sound mind, and not under undue influence, has a right to dispose of his property as he pleases; and if he pleases to dispose of it contrary to the dictates of natural or moral obligation, he has a perfect right to do so, provided, as said, he is of sound mind, and not unduly influenced.   (See Zimlich, &c., v. Zimlich, &c., 12 Ky. Law Reporter, 590.)

. The judgment is affirmed.