## Catlett v. Satterfield, et al.

(Decided June 5, 1923.)

### Appeal from Lyon Circuit Court.

1. **Wills—Material Deviation from Manner of Execution Prescribed by Statute is Fatal.**—Though a substantial compliance with the requirements of Ky. Stats., section 4828, for the execution of a

will is all that is necessary to entitle the will to probate, any material deviation from the statutory manner of execution is fatal.

2.  Wills—Failure of One Witness to Sign in Presence of Testatrix is Fatal.—Under Ky. Stats., section 4828, requiring a will to be signed or acknowledged in the presence of two creditable witnesses who shall subscribe the will with their names in the presence of the testator, the failure of one witness to sign in testatrix's presence, his signature having been attached after the will was executed by testatrix and the other witness and delivered to him for signing and safe-keeping by the other witness, is fatal.

3.  Wills—Must be Acknowledged in Presence of Witnesses, Not Signed in Their Presence.—It is not essential that the testator's signature be made to a will in the presence of witnesses, but, if it is not signed in their presence, it must be acknowledged in their presence.

4.  Wills—Both Witnesses Must Attest Will in Presence of Testator.—It is not essential that the attesting witnesses sign their names to the will in the presence of each other, but both must attest it in the presence of the testator.

5.  Wills—Facts Held Not to Show Ratification of Defectively Executed Will.—Where a will was defectively executed because one of the witnesses signed out of the presence of testatrix, proof that on a subsequent occasion testatrix inquired of that witness if he had brought "the paper," to which he replied he had not, but that he had signed it and put it in his safe, did not show a ratification of the will by the testatrix.

T. T. HANBERRY and C. C. MOLLOY for appellant.

NEWTON W. UTLEY for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Mrs. P. Bush Collins, a childless widow, died October 26, 1920, a resident of Eddyville, Lyon county, Kentucky, the owner of some personal property of small value and also a house and lot in that city which, at the time of her death, she was occupying as a home. On the 14th of April, 1920, she had her attorney, M. P. Molloy, of Eddyville, to come to her home and there write for her what was intended to be her will.

The instrument in question (omitting the boundary of the real estate intended to be devised) is as follows:

In view of my age and the uncertainty of human life, being of sound mind, make this my will.

"I hereby direct my executor hereinafter named, to pay all debts I may owe, it is further my request that my body be embalmed and dressed in white, placed in a

substantial casket and buried by my last husband, W. L. Collins, which will place me at foot of grave of my first husband, W. H. Holloway, who is buried beside my second husband, T. W. Tinsley.

"The four graves as then arranged will form a square, and I direct that there be built a concrete wall a foot high inclosing said four graves, and an iron fence set in said wall.

"I direct that a tombstone be prepared like that of Mr. Holloway, which came from the marble yard of Mr. Davis of Princeton, Kentucky, that the headstone be inscribed as follows:

"Permelia Bush Satterfield, daughter of Robetus and Sarah Satterfield, the wives of William H. Holloway, Thomas W. Tinsley and William L. Collins with dates of births and deaths.

"I bequeath to my niece, Helen Catlett, my present home, situated on north side of Water street in Eddyville, Kentucky, same property bought of Maggie W. Champion and her husband, G. M. Champion, shown by deed in office clerk of the Lyon county court, page 310 of deed book 'L' . . .

"I want my said niece to take possession of said property at my death, to have use and enjoy same as I have, to dispose of same as may suit her, but should she not dispose of it, I want it to descend to her bodily heirs.

"I nominate Chas. J. Gresham as executor of my will.

"Witness my hand, this 14th day of April, 1920.

"Mrs. P. Bush Collins.

"Acknowledged before us as subscribing witnesses by Mrs. P. B. Collins, by whose request we attest same.

"M. P. Malloy,

C. J. Gresham."

It will be observed that this writing attempts to make no disposition of any personal property that may have been owned by the alleged testatrix. The only property it purports to dispose of is the house and lot therein devised her niece, Helen B. Catlett.

On December 27, 1920, at the regular December term of the Lyon county court, the above writing was produced therein by Mrs. Helen B. Catlett and by that court admitted to probate as the will of Mrs. P. Bush Collins, deceased. Mrs. Collins left quite a number of heirs at law, descendants of two predeceased brothers and a pre-

deceased sister. Mrs. Catlett was one of the daughters of the deceased sister. January 26, 1921, the appellees, Dixie Satterfield and others, claiming to be heirs at law of Mrs. P. Bush Collins, for the purpose of contesting the validity of the instrument admitted to probate by the county court as her will, took an appeal from its judgment to the Lyon circuit court; alleging as grounds of attack upon the paper mental incapacity on the part of Mrs. Collins to make a will; that it was the result of undue influence exercised upon her by others; and that it was not executed in conformity with the requirements of the statute controlling the execution of wills in this state.

The pleadings of the respective parties filed in the circuit court set forth the grounds of contest urged against the validity of the writing in question as a will, and also those urged in support of its validity as such, without substantial disagreement as to the facts relating to its execution. Upon the hearing the circuit court sustained a general demurrer to the answer of the contestee as amended, and upon her failure to plead or proceed further, adjudged the instrument in contest to be not the will of the decedent, Mrs. P. Bush Collins. From the judgment thus determining the contest, the contestee, Mrs. Helen B. Catlett, has appealed to this court.

The single question presented for decision on the appeal is the same upon which the circuit court rested its decision of the case, viz.: whether the instrument in contest was executed in substantial conformity with the acquirements of the statute on wills. It will be observed that the attesting clause appearing to the instrument below the signature of the testatrix is in the following words: "Acknowledged before us as subscribing witnesses by Mrs. P. B. Collins, by whose request we attest same. (Signed) M. P. Molloy, C. J. Gresham." It will also be observed that the attesting clause does not recite that the attestation of the attesting witnesses (i. e., signing of their names as witnesses), was made in the presence of the testatrix. In truth, according to the admitted facts appearing in the answer of the contestee, the paper containing the attestation in question was never subscribed or attested by C. J. Gresham in the presence of the alleged testatrix, nor at the time it was attested by the other subscribing witness, M. P. Molloy.

It also appears from the admitted facts that after the writing of the instrument had been completed by M. P. Molloy and Mrs. Collins had approved it and written her name to it in his presence, it was at her request and in her presence, subscribed by him as an attesting witness. It further appears from the admitted facts that after himself subscribing the instrument as an attesting witness, he advised Mrs. Collins of the necessity of its being subscribed by another attesting witness. Whereupon she told Molloy she wanted C. J. Gresham as the other witness because he was her executor and attended to her business and she wished Molloy to tell him to witness and keep the will until her death. Molloy then took the paper in his hand to Gresham at his place of business, less than one-eight of a mile from the residence of Mrs. Collins and delivered it to him, at the same time telling him of the request of Mrs. Collins that he sign it as an attesting witness and keep it. Gresham complied with the request by subscribing the paper as an attesting witness and placing it in his safe, where it remained until after Mrs. Collins' death.

It does not appear whether Gresham upon receiving the paper from Molloy immediately affixed his signature to it as an attesting witness in the presence of Molloy, or did it later; but it does appear, because alleged in the answer and admitted by the demurrer, that it was never signed by Gresham as an attesting witness in the presence of Mrs. Collins and that she never saw it after it was received by Gresham. It is true that Gresham, several weeks after receiving the paper from Molloy and while at the house of Mrs. Collins on other business, was asked by her if he had brought "that paper," to which he replied that he had not, but had signed it and put it in his safe; but these admitted facts only serve to show that Mrs. Collins never signed or acknowledged the purported will in the presence of the two attesting witnesses together, and certainly never in the presence of Gresham, one of them, alone.

Kentucky Statutes, section 4228, controlling the proper execution of wills, provides:

"No will shall be valid unless it is in writing, with the name of the testator subscribed thereto by himself, or by some other person in his presence, and by his direction, and moreover if not wholly written by the testator the subscription shall be made or the will acknowledged

by him, in the presence of at least two creditable witnesses, who shall subscribe the will with their names in the presence of the testator.''

While in numerous cases involving the validity of wills we have held that if the provisions of the statute, *supra,* are substantially observed in executing the instrument, it should be admitted to probate as a valid will, we also have as frequently declared that any material deviation from the manner of execution required by the statute would be fatal. In McKee, by, etc. v. McKee's Extr., 155 Ky. 738, it is in the opinion said:

"The object of the statute in providing the manner in which a will shall be executed to render it valid is to insure identity and prevent imposition and fraud; and though a substantial compliance with it is all that is required, no court is authorized to admit to probate an instrument as the last will of a deceased person in violation of its expressed language, however well founded may be the belief it was intended by him as his will."

In the case, *supra,* the court refused to uphold a codicil signed by the testatrix in a separate room from one of the attesting witnesses, and attested by such witness in a separate room from the testatrix, even though the witness in the adjoining room heard the codicil dictated; such holding of the court being because of the facts that the witness did not and could not see the testatrix when she signed the codicil, and the testatrix did not and could not see the witness when she signed her name to the paper as an attesting witness, and also of the opportunity for fraud or imposition thus afforded, although neither was in fact attempted.

In giving, in part, its reasons for the conclusion thus reached the court in its opinion further said:

"Clearly it was the purpose of the statute to so provide for the execution and attestation as to eliminate all possible danger of fraud or deception; in other words, to so require the execution and attestation as that the testator might certainly know that the paper which he signed was the self-same paper which was attested, and to enable the attesting witnesses to know that the paper they attested was the same paper signed by the testator.

"Tested by these rules, can it be said in this case that the textatrix knew the paper she signed was the paper attested by Mrs. Long? Can it be said that Mrs. Long knew the paper which she attested was the one

signed by the testatrix? Can it be said that the opportunity for fraud or substitution was not offered? . . .

"Manifestly the legislature had these things in mind when it laid down these strict rules for the execution of wills, and clearly it would be unwise for the courts to relax them . . .

"The wisdom of the enactment cannot be questioned; and the fact that in this case there is no fraud, or even suggestion or intimation of it, will not justify the courts in departing from these rules, even to bring about justice in the particular instance.

"Any material relaxation of the strict statutory rule would open up a fruitful field for fraud, substitution, and imposition."

Manifestly, if a will or codicil executed and attested under the circumstance related in the opinion, *supra,* would be invalid, *a fortiori* should a will executed and attested as was that in the instant case be declared invalid, the circumstances attending which gave greater opportunities for fraudulent change, substitution or other imposition. And we may say in this case, as in the other, it is not material that such fraud was not attempted or charged. The doorway to such frauds would inevitably be opened if the provisions of the statute were ignored in the manner attempted by the appellant in this case.

It will be found from an examination of the following cases that they fully sustain the rule and reasoning announced in McKee, by, etc. v. McKee's Exr., *supra:* Orndorf v. Hummer, 12 B. Mon. 619; Swift v. Wiley, 1st B. Mon. 117; Griffith, Exor. v. Griffith, 5 B. Mon. 511; Limbach v. Bolin, 169 Ky. 204.

The statute does not make it essential that the testator's signature be made to the will in the presence of the witnesses, but if not signed in their presence, it must be acknowledged by the testator in their presence. Nor is it essential under the statute that the attesting witnesses sign their names to the will, as such, in the presence of each other, but both must attest it in the presence of the testator.

There is here no ground for contention of any subsequent ratification of the will by the alleged testatrix, for the admitted facts conclusively show the absence of any express acknowledgment by her of the paper in the presence of Gresham, the attesting witness, who admittedly did not sign it in her presence; nor was the alleged will

present at the time of the only conversation she ever had with him respecting it. As we fully concur in the conclusion reached by the circuit court, the judgment is affirmed.