# Allgeyer v. Allgeyer's Executors et al.

(Decided June 14, 1932.)

BLAKELY & MURPHY for appellant.

GALVIN & TRACY and OMER C. STUBBS for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Nick Allgeyer died testate survived by four children. He devised all of his property to his children, but the portion given to Andrew Allgeyer was very much smaller than that devised to each of the other children. The three favored children had remained single and resided with their father until his death. Andrew Allgeyer had married, and after that event his brothers and sisters seemed to have conceived an aversion to him. The verdict of the jury was in favor of the will. A reversal of the judgment is sought because of misconduct of counsel for the propounders of the will in an argument to the jury, and upon the ground that the will was not legally executed.

1. After the verdict of the jury was rendered, a motion and grounds for a new trial was filed. One of the grounds assigned was the alleged misconduct of one of the attorneys in his argument to the jury. Affidavits were filed in support of the motion, and a counter affidavit was filed by the attorney whose argument was assailed. The affidavits did not agree as to the language that was employed in the argument. The bill of exceptions which was later filed and approved by the court made no mention of the argument or of the objections thereto or to the filing of the affidavits. A supplemental record has been

filed showing that an order nunc pro tunc has been entered making the affidavits a part of the bill of exceptions. Without pausing to consider the propriety of the order nunc pro tunc supplementing the bill of exceptions at the time and in the manner it was made, it is clear that it worked no change in the situation. The court did not settle or certify what was said in the argument to the jury. It merely incorporated into the record the conflicting affidavits. We cannot determine from the affidavits whether the remarks were made as claimed by the appellant or as claimed by the appellees. The reason for requiring the bill of exceptions to show what occurred at the trial is to eliminate any controversy upon that subject and to enable us to pass upon the propriety of the rulings of the court.

In the case of Warren v. Nash, 68 S. W. 658, 24 Ky. Law Rep. 479, the court permitted an improper argument to be reviewed when presented only by an affidavit. In that case the affidavit was the only evidence submitted and there was no denial of the exact words employed in the argument. But that practice was promptly condemned, and the case of Warren v. Nash was expressly overruled in Bannon v. Louisville Trust Co., 150 Ky. 405, 150 S. W. 510. In Southern Ry. Co. v. Thacker, 156 Ky. 483, 161 S. W. 236, it was held that it is not sufficient for counsel to make an affidavit as to the language used in an argument or for the court to certify that such an affidavit had been made. The objectionable language used must be settled by the circuit court and certified in the bill of exceptions. The purpose of requiring the bill of exceptions to set forth what was said by counsel, and the ruling of the court thereon, is to have a determination and authentication by the trial court of what transpired at the trial. It is to obviate the necessity of this court passing upon a controversy shown only by conflicting affidavits. The rule must be regarded as settled, and counsel should conform to it in order that this court may consider such questions. Standard Mfg. Co. v. Brian's Admr., 224 Ky. 419, 6 S. W. (2d) 491; Burdon v. Burdon, 225 Ky. 480, 9 S. W. (2d) 220; C. & O. R. R. Co. v. Stapleton, 154 Ky. 351, 157 S. W. 702. In Gee v. Com., 178 Ky. 666, 199 S. W. 1051, the case of Warren v. Nash was again cited. The learned judge who wrote the opinion in that case noted that the affidavit setting forth the language complained of was not controverted, but inadvertently failed to observe the fact

that Warren v. Nash had been overruled on the point of practice. In the condition of the record, we are unable to determine what was said at the argument, and, under the established rule, cannot consider its propriety or impropriety. This conclusion, however, should not be understood either as approval or disapproval of the challenged argument, whether the words employed in the argument were as claimed by the appellant or as admitted by the appellees.

2. The appellant insists that the will of Nick Allgeyer was not properly executed. Section 4828, Kentucky Statutes, provides that no will shall be valid unless it is in writing with the name of the testator subscribed thereto, by himself, or by some other person in his presence and by his direction; and, moreover, if not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator. The will bore the signature of the testator at the end thereof, and it contained an attestation clause as follows:

"Signed and acknowledged by the said Nick Allgeyer, as and for his last will and testament in our presence, and by us subscribed as attesting witnesses in his presence and at his request and in the presence of each other, this the 31st day of October, 1927. Ben Lemker, residing at 231 W. Elm, Ludlow, Ky., George Schlaper, residing at 170 W. Linden, Ludlow, Ky."

Ben Lemker testified that he was acquainted with the testator, and was called to witness his will; that he was present when all the signatures were attached to the will; that he saw Nick Allgeyer sign in his presence and also in the presence of the other attesting witnesses; and that an attorney was present and supervised the execution of the document. George Schlaper testified that he witnessed the paper and identified his signature attached to the will. When asked if he saw Nick Allgeyer sign the will, he said he saw the paper taken to him, but he never gave any attention. But he signed the attesting clause in the presence of the testator, the attorney, and the other attesting witness. No one else was present in the room at the time. He said he saw his own signature and that of Mr. Lemker placed upon the will. He said

that Mr. Stubbs had the paper and Mr. Allgeyer was sitting in the room in a chair. The witness was sitting in a far corner of the room. Mr. Stubbs, the attorney, testified that Mr. Allgeyer signed the will in his presence, and in the presence of the two witnesses, who were present for the sole purpose of witnessing the will. They all stood within three feet of him when the testator signed the will, and immediately thereafter they signed the attestation clause in the presence of Mr. Allgeyer, and at his instance.

We see no basis for the argument that the will was not properly executed. The court submitted that issue to the jury by an instruction that is not criticized, or subject to any criticism. The jury necessarily found that the will was executed in the manner required by the instructions. The will was signed by the testator in the presence of the two witnesses, and it was subscribed by both witnesses in the presence of the testator on the same occasion. Limbach et al. v. Bolin et al., 169 Ky. 204, 183 S. W. 495, L. R. A. 1916D, 1059; Catlett v. Satterfield, 199 Ky. 620, 251 S. W. 659; McKee v. McKee, 155 Ky. 738, 160 S. W. 261; Robertson v. Robertson, 232 Ky. 572, 24 S. W. (2d) 282.

If the testimony of Schlaper be construed to the contrary, it has little probative value because it tends to impugn his solemn certificate made at the time and for the purpose of authenticating the fact of the due execution of the will. McMeekin v. McMeekin, 2 Bush 79; Hoerth v. Zable, 92 Ky. 202, 17 S. W. 360, 13 Ky. Law Rep. 470; Ellis v. Ellis (Ky.), 128 S. W. 1057; Bodine v. Bodine, 241 Ky. 706, 44 S. W. (2d) 840.

The verdict was not against the weight of the evidence, but the manifest weight thereof accords with the finding of the jury.

The judgment is affirmed.