**BETTS v. LONAS et al.**

No. 9669.

United States Court of Appeals
District of Columbia Circuit.

Argued May 3, 1948.

Decided Dec. 20, 1948.

See also 82 U.S.App.D.C. 55, 160 F.2d 281.

Mr. Keith L. Seegmiller, of Washington, D. C., with whom Mr. Ray Murdock, of Washington, D. C., was on the brief, for appellant.

Mr. Llewellyn C. Thomas, of Washington, D. C., with whom Messrs. Caesar L. Aiello and Frank M. Stephen, both of Washington, D. C., were on the brief, for appellees.

Before PRETTYMAN and PROCTOR, Circuit Judges and SCHWEINHAUT, District Judge, sitting by designation.

SCHWEINHAUT, District Judge.

This is an appeal from a judgment of the District Court admitting a will to probate. The case was tried on three issues: (1) Was the will executed and attested in the manner required by law?; (2) was the will procured by fraud?; and (3) was the will procured by undue influence or duress? At the conclusion of the case the trial judge directed a verdict upon issues (2) and (3). We think he was clearly right since there was no evidence of substance which would have supported a verdict against the will on either of these questions. He submitted to the jury the question whether the will was executed and attested in the manner required by law. The jury found it was not so executed and attested. The trial judge set the verdict aside and entered a final judgment for the will. The only question of any consequence before us is whether there was sufficient evidence to support the jury's finding.

The District of Columbia Code 1940 Sec. 19—103 provides, insofar as pertinent here, that:

"All wills and testaments shall be in writing and signed by the testator, * * * and shall be attested and subscribed in the presence of the said testator by at least two credible witnesses, * * *."

It will be noted that there is no statutory requirement that the testator sign in the presence of the witnesses.

The evidence touching upon the issue we discuss discloses that John Henry Singer died on November 11, 1944 leaving a purported will dated October 11, 1944. It was on a printed form, such as anyone may obtain in several local stationery stores. The devise and bequest to the appellees was concededly in the handwriting of the testator, as was his signature. The attesting witnesses were a Mr. and Mrs. McIvor, friends of Mr. Singer. The substance of

144

044

their testimony was that he telephoned them and asked them to come over saying, according to one, that "he had something he wanted us to do for him" and, according to the other, "because he wanted us to be witnesses at the signing of his will." They went to see him at the home of the appellees, where he lived. He produced the printed form, apparently already made out, and told them that "it was his will and asked us if we would sign it for him and we did * * *." They did not agree as to whether the testator went to another room to get the will or already had it in the room. He folded the paper so that all they could see was the attestation clause with the lines for their signatures. They were, therefore, unable to say whether his signature was on the paper at the time. They did not see him sign it. They affixed their signatures and addresses.

 In Bullock v. Morehouse, 1927, 57 App.D.C. 231, 19 F.2d 705, this Court held that it is not necessary for the witnesses to see the signature of the testator, provided his signature is already on the will and he acknowledges it as his will.[1] The well recognized presumption of regularity[2] encompasses a further presumption that the testator signed it first.

The case of In re Johnston's Will[3] is in point. The will was signed by the testator in the same ink as that with which the body was written. He asked the witnesses to sign, telling them it was his will, and they did sign but the will was folded and they could not see his signature. And, as here, there was no evidence as to whether his signature was on the will at the time. The Court said [225 Wis. 140, 273 N.W. 513]:

"It has been declared by this court that 'in the absence of clear proof that the witnesses to a will signed it before the testator

did, it will be presumed that the testator signed it first' * * *. 'The appearance, on the face, of regularity should be regarded as involving a presumption of due execution so strong as to prevail, in the absence of clear and satisfactory evidence to the contrary.' Moreover, the instant will is in the handwriting of the testator, and that would seem to be of equal force with an attestation clause in support of the presumption of due execution. * * * In the instant case there is no proof tending to show that the testator signed after the subscribing witnesses. Had the witnesses been dead when the proof of the will was made, the will would have been admitted to probate on proof of the signatures of the testator and the witnesses. Proof of these signatures is absolute and unquestionable. Such proof and the appearance of regularity raised a presumption, and in the absence of evidence to the contrary, required a finding that the testator had signed the will when he presented it to the witnesses for attestation."

The cases of Robertson v. Robertson[4] and Gould v. Chicago Theological Seminary[5] involved factual situations strikingly similar to the case at bar in that the wills were folded so that the signatures of the testators were not visible but in each case the will was identified as such by the testator. In the Robertson case [232 Ky. 572, 24 S.W.2d 284], the Court held:

"* * * in a state of case like this that it should be presumed that the testatrix signed the will before she acknowledged it and vitality should be given the will. Such seems to be the general rule. In Thompson on Wills, § 448, it is said: 'A presumption of the due execution of the will arises from the presence of a perfect and formal attestation clause which recites

60

---

2345

[1] And see In re Porter's Will, 1892, 9 Mackey, 493, 20 D.C. 493, reversed on other grounds: Campbell v. Porter, 162 U.S. 478, 16 S.Ct. 871, 40 L.Ed. 1044; White v. Trustees of British Museum, 6 Bing. 3C9, 130 Eng.Repr. 1299, 1829; Annotation, 127 A.L.R. at p. 386.

[2] Bullock v. Morehouse, supra; In re Johnston's Will, 225 Wis. 140, 273 N.W. 512; Robertson v. Robertson, 232 Ky. 572, 24 S.W.2d 282; Gould v. Chicago Theological Seminary, 189 Ill. 282, 59 N.

E. 536; Hobart v. Hobart, 154 Ill. 610, 39 N.E. 581, 45 Am.St.Rep. 151; Nixon v. Snellbaker, 155 Iowa 390, 136 N.W. 223; Anthony v. College of the Ozarks, 207 Ark. 212, 180 S.W.2d 321; In re Dougherty's Estate, 168 Mich. 281, 134 N.W. 24, 38 L.R.A.,N.S., 161, Ann.Cas. 1913B, 1300.

[3] Supra Note 2.

[4] Supra Note 2.

[5] Supra Note 2.

the facts necessary to a valid execution of the will.' "

In Nixon v. Snellbaker,[6] the rule was stated thus [155 Iowa 390, 136 N.W. 224]:

"It being undisputed that the will was written and signed by the testator, and that it was signed as witnesses by W. A. and Mary S. McHenry, the presumption is conclusive that the will was signed by the testator before it was witnessed."

In Billings v. Woody,[7] there was evidence that the attesting witnesses signed the will before the testatrix. This court said:

"It is of course preferable as well as usual for the testatrix to sign first but, though there are cases on both sides of the question, we think the validity of a will should not depend upon who signs it first; provided, of course, all sign at substantially the same time and in each other's presence, which they did here."

The case is not to be construed as holding that the testator and the witnesses must sign in each other's presence. It held nothing more than that the signature of the maker could be put on last if the whole transaction was really one.

In the case at bar, as we have pointed out, the witnesses did sign at the request of the testator, who announced that it was his will. The evidence would allow an inference that the testator had signed in an adjoining room before he brought the will to the room in which the witnesses were present and in which they signed while he held it. In the absence of clear and convincing testimony to the contrary, the presumption of regularity is not defeated.[8]

The judgment is affirmed.

---

[6] Supra Note 2.

[7] 1948, 83 U.S.App.D.C. 219, 167 F.2d 756.

[8] In re Johnston's Will, supra Note 2; Gould v. Chicago Theological Seminary, supra Note 2; Anthony v. College of the Ozarks, supra Note 2.