Bertha A. TALIAFERRO et al., Appellants,

v.

Denver KING et al., Appellees.

Court of Appeals of Kentucky.

March 18, 1955.

Rehearing Denied June 24, 1955.

W. Marvin Davis, Falmouth, Orie S. Ware, Covington, for appellants.

H. B. Best, Falmouth, L. M. Ackman, Williamstown, for appellees.

MONTGOMERY, Justice.

This action was instituted in the Pendleton Circuit Court as an appeal from an order of the county court probating the will of George H. Elliott, deceased. The appellants were contestants below and are the heirs at law of the deceased; and the appellees, who were contestees, are the beneficiaries under the instrument. On the trial in the circuit court, the jury returned a verdict that the instrument was the will of the deceased. This appeal is from the judgment sustaining the will.

The contention is made that the will was not properly executed because the testator did not read it before signing; he did not request the attesting witnesses to sign and they did not know they were witnessing a will.

On March 12, 1949, the testator talked with his lawyer about his will. The attorney then returned home to write the will. The next day Elliott's attending physician, Dr. B. F. Workman, decided to send him to a hospital in Cincinnati, Ohio, and H. W. Moore, an undertaker, was requested to send an ambulance to his home for the purpose of taking him to the hospital. Dr. Workman requested Moore to stop by the attorney's home and get the will, which Moore did. When he arrived at the home of George H. Elliott, Moore handed the envelope containing the will to Dr. Workman, who went over to the bed where Elliott was lying and handed him the paper. Elliott then signed the will in the presence of William Jefferson and Earl Cummins, who, in turn, signed in Elliott's presence as witnesses and in the presence of each other. When the will was handed to the testator for signature, he declined to read it and indicated affirmatively that he knew its contents.

The testimony of Dr. Workman, H. W. Moore, and the two attesting witnesses, Earl Cummins and William Jefferson, that the will in question was first signed by the testator, Elliott, then by William Jefferson, and then by Earl Cummins, all being in the presence of each other, shows the due execution of the will.

A copy of the will, a typewritten document, is a part of the record on appeal. It discloses that the testator's name is affixed in the customary place at the end. It further shows that following the testator's signature and after the words, "We, the undersigned, have affixed our signatures as attesting witnesses * * *", are the signatures, first, of William Jefferson, and second, of Earl Cummins. We might remark in passing that the will is complete and regular in all respects on its face.

KRS 394.040 provides:

"No will is valid unless it is in writing with the name of the testator sub-

-scribed thereto by himself, or by some other person in his presence and by his direction. If the will is not wholly written by the testator, the subscription shall be made or the will acknowledged by him in the presence of at least two credible witnesses, who shall subscribe the will with their names in the presence of the testator."

In construing this statute in Robertson v. Robertson, 232 Ky. 572, 24 S.W.2d 282, 283, we said:

"It will be observed that the paper must have been signed by the maker or for him in the presence of two witnesses, * * *. In either event the witnesses must subscribe their names in the presence of the testator. * *"

See also Barton's 'Adm'r v. Barton, Ky., 244 S.W.2d 770.

It has been held that it is not necessary that the witnesses of a will know its contents or that it be read to them. Nor is it necessary that they shall understand they are attesting the instrument as a will, but only that there shall be substantial compliance with the statute. Leary v. Leary, 203 Ky. 344, 262 S.W. 293.

It is also contended that the later acknowledgment of the will by the testator; attested by the certificate of two witnesses executed out of the presence of the testator, was bad. In our view of the case, the will had been properly executed previously and the attempted acknowledgment was unnecessary. Savage v. Bulger, 76 S.W. 361, 25 Ky.Law Rep. 763; Reed v. Hendrix's Ex'r, 180 Ky. 57, 201 S.W. 482, L.R.A.1918E, 423; Schouler on Wills, Executors and Administrators (6th Ed.), Volume 1, Section 522, Page 595.

It is apparent from a review of the testimony of the witnesses in the case and a consideration of all the circumstances attending the execution of the will that it was properly executed.

Judgment is affirmed.