Ora L. DAVIS, Appellant,

v.

Michael L. DAVIS, et al., Appellees.

In re ESTATE OF Urseline M. DAVIS,

Lawrence Davis, et al., Appellants,

v.

Michael L. DAVIS, et al., Appellees.

Nos. 83–280, 83–402.

District of Columbia Court of Appeals.

Submitted Nov. 21, 1983.

Decided Jan. 31, 1984.

A. Palmer Ifill, Washington, D.C., for appellants.

Joshua Kaufman, Washington, D.C., for appellees.

Before FERREN, BELSON and TERRY, Associate Judges.

BELSON, Associate Judge:

This is an appeal from the trial court's holding that a document was a validly-executed will. Appellants, children of decedent and will-contestants below, appeal on two grounds. First, they contend that the document is not a will because there was no testamentary intent. On this issue the trial court granted summary judgment. Second, they argue that the trial court incorrectly concluded after a trial that the document had been validly executed. We affirm.

The document reads as follows:

To Whom It May Concern:

I, Urseline M. Davis, sole owner to the property of 1816 Park Road, N.W. located in Washington, D.C. wish to make my son, Michael L. Davis and Bette L. Davis, my daughter sole heirs to my property and its contents.

This is to assure that Mike and Bette live in peace until such time as they wish to do with it as they wish.

Respectfully
Urseline M. Davis [signature]

The trial court, finding that there was no genuine issue of material fact, granted summary judgment for the document's proponents on the issue of testamentary intent. Appellants contend that the court needed extrinsic evidence to make a decision on intent, and so summary judgment was inappropriate. They argue that the word "wish" in the first paragraph of the document is ambiguous: decedent could have intended it as merely precatory, rather than mandatory, language.

To find a writer's intent, the court should look first to the language of the document. Only if the document is ambiguous should the court resort to extrinsic evidence of intent. *Wyman v. Roesner,* 439 A.2d 516, 520 (D.C.1981). We find that the trial court properly construed the document as a whole, as directed by *O'Brien v. McCarthy,* 52 App.D.C. 183, 185, 285 F. 917, 919 (1922), so extrinsic facts were unnecessary and summary judgment was proper.

The general rule is that when a wish is directed to legatees or devisees, the language may be seen as precatory; when the wish is directed to an executor, the language should be seen as mandatory. *E.g., Spicer v. Wright,* 215 Va. 520, 211 S.E.2d 79, 81 (1975); *In re Estate of Beauchamp,* 256 Cal.App.2d 563, 64 Cal.Rptr. 340, 344 (1967); *see* 1 W. Bowe & D. Parker, *Page on the Law of Wills,* § 5.19 at 213 (1960). Further, language that refers to clearly-identified property should be seen as mandatory. *E.g., Waesche v. Rizzuto,* 224 Md. 573, 168 A.2d 871, 876 (1961).

Decedent here directed her wish "To Whom It May Concern," a phrase most reasonably interpreted as meaning an executor. Certainly decedent gave no direction to her devisees; in fact, she said that they could do with the property anything they pleased. The decedent's wish referred to clearly-identified property. An additional factor showing her testamentary intent is that she referred to her devisees as "heirs." In both common and legal understanding a person does not have heirs until he or she dies. It is clear, therefore, from the face of

the document that the decedent intended her disposition to be mandatory. We affirm the trial court's grant of summary judgment on the issue of testamentary intent.

The second issue on appeal is whether the trial judge correctly concluded that the document was validly executed. D.C.Code § 18–103 (1981) sets out the requisites of proper execution.[1]

██ Appellant argues first that the evidence was insufficient to establish that decedent signed the document in the presence of the two witnesses. Section 18–103 does not require that a testator sign a will in the presence of the witnesses. It requires only that the witnesses sign in the presence of the testator. This is the plain meaning of the language of § 18–103, and the virtually identical language of predecessor statutes has been construed to the same effect. *Betts v. Lonas,* 84 U.S.App.D.C. 206, 206, 172 F.2d 759, 759 (1948); *Bullock v. Morehouse,* 57 App.D.C. 231, 233–35, 19 F.2d 705, 707–09 (1927). If one or both witnesses have not seen the decedent sign, the will proponents must establish that the decedent's signature was already on the document when the witnesses signed and that the decedent acknowledged the document as his or her will. *Betts, supra,* 84 U.S.App. D.C. at 207, 172 F.2d at 760.

██ In the present case, the two witnesses, whom counsel described as being advanced in years, disagreed about whether the decedent signed in their presence. One testified that Mrs. Davis did so; the other testified that the document was already signed when the witnesses signed, and that Mrs. Davis specifically identified the document as her will. Thus, the trial judge was correct in concluding that whichever testimony he credited, the document was exe-

cuted properly under § 18–103 and applicable case law.

██ Appellant's second objection is that the evidence failed to establish that the signature on the document was decedent's signature. We reject this contention because the trial judge's finding that decedent signed was not plainly wrong or without evidence to support it. D.C.Code § 17–305 (1981).

*Affirmed.*

---

1. Section 18–103 provides:
   A will or testament, other than a will executed in the manner provided by section 18–107, is void unless it is:

(1) in writing and signed by the testator, or by another person in his presence and by his express direction; and
(2) attested and subscribed in the presence of the testator, by at least two credible witnesses.